# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

PNC BANK, NATIONAL ASSOCIATION                             PLAINTIFF

V.                                                                                                  NO. 3:17-MC-17-DMB

WALNUT GROVE OFFICE GARDENS,
LLC, et al.                                              DEFENDANTS

## ORDER

Before the Court is PNC Bank, National Association's "Motion for Charging Order." Doc. #2.

## I
## Procedural History

On March 19, 2013, PNC Bank, National Association, filed a complaint in the Western District of Tennessee against Walnut Grove Office Gardens, LLC; 2900 Kirby Parkway, LLC; Willow Grove, LLC; and Walter D. Wills, III. *PNC Bank, Nat'l Assoc. v. Walnut Grove Office Gardens LLC*, No. 2:13-cv-2174, at Doc. #1 (W.D. Tenn. Mar. 9, 2013). The complaint alleged claims for breach of contract based on allegations that the three corporate defendants took out commercial loans from PNC Bank, that each of the loans were guaranteed by Wills, and that the defendants defaulted on the loans. The complaint sought recovery of the amounts due under the loans and appointment of a receiver.

On August 22, 2013, United States District Judge John T. Fowlkes, Jr. granted PNC Bank's request for a receiver. *Id.* at Doc. #22. On September 29, 2014, Judge Fowlkes issued an order granting summary judgment in favor of PNC Bank on the breach of contract claims. *Id.* at Doc. #45. The same order found liability against (1) Walnut Grove and Wills in the amount of $1,601,087.81; (2) Willow Grove and Wills in the amount of $3,878,179.23; and (3) 2900 Kirby

Parkway and Wills in the amount of $1,914,521.05. The Court also granted attorneys' fees and expenses against all the defendants in the amount of $137,160.84.

On September 28, 2017, Judge Fowlkes terminated the receivership and entered judgment in favor of PNC Bank ("Original Judgment"). *Id.* at Doc. #76, Doc. #77. The judgment stated, "this action is dismissed with prejudice in accordance with the Order Terminating Receivership …." *Id.* at Doc. #77. Approximately one week later, on October 4, 2017, Judge Fowlkes entered an amended judgment which states, "this action is dismissed with prejudice in accordance with the Order Granting Plaintiff's Motion for Summary Judgment … as well as the Order Terminating Receivership" ("Amended Judgment"). *Id.* at Doc. #78.

On November 2, 2017, PNC Bank registered the Amended Judgment in this Court. Doc. #1. Approximately seven months later, PNC Bank filed a "Motion for Charging Order." Doc. #2.

## II
## Analysis

In its motion, PNC Bank asks this Court to charge the amount of $4,015,340.07[1] against Wills' interests in four Mississippi entities: (1) AG Pipeline, LP d/b/a Arlington Energy Partners 1993, LP; (2) Kirby-Willis Plantation, LP; (3) KWP Sayle, LLC; and (4) KWP Utility Company, LLC. Doc. #2 at 1–2.

Once obtained,

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Where, as here, a party desires to enforce a judgment in a district other

---

[1] This sum appears to be the amount of the Amended Judgment related to the Walnut Grove loan, plus the awarded attorney's fees and expenses.

than the issuing court, "28 U.S.C. § 1963 … provides for the registration of one federal district court's money judgment in another federal district court as the precursor to enforcement of the original judgment in the latter court." *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001).

Taken together, "Rule 69 and 28 U.S.C. § 1963 contemplate that [a plaintiff may] register [a] district court's final judgment in another federal district court and initiate collection proceedings there …." *Hoffart v. Wiggins*, 577 F. App'x 384, 387 (5th Cir. 2014). Accordingly, in evaluating PNC Bank's request for relief, the Court must answer two separate questions: (1) whether the Amended Judgment has been properly registered under § 1963; and (2) whether this Court may charge the amount of the Amended Judgement against Wills' interests in the listed entities.

> 28 U.S.C. § 1963 provides, in relevant part:
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Under the plain language of the statute, a judgment may be properly registered when it "has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment …."

Here, there was no appeal of the amended final judgment, and there is no indication registration was ordered. Accordingly, the question is whether, at the time it was registered, the Amended Judgment was final by "expiration of the time for appeal." *See Monge v. Rojas*, 150

F.Supp.3d 1244, 1251 (D.N.M. 2015) ("The Monges were therefore not entitled to register the Final Judgment in the District of New Mexico to execute on that Final Judgment against the Defendants until their appeal was final or until they obtained a court order from the District Court for the Western District of Texas authorizing them to register the judgment.").

Generally, "[i]n a civil case … the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, the Amended Judgment was entered on October 4, 2017, and was registered in this Court twenty-nine days later on November 2, 2017—when the time for the defendants to appeal had not yet run.[2] Accordingly, the registration was premature and may not form the basis for the enforcement PNC Bank seeks here. PNC Bank's motion [2] for a charging order, therefore, is **DENIED without prejudice**. PNC Bank may renew its motion after properly registering the Amended Judgment in compliance with § 1963.

**SO ORDERED**, this 4th day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] In reaching this conclusion, the Court notes that the time to appeal an amended judgment runs from the time the amended judgment is entered, not the original judgment, unless the amended judgment does not "substantively change[] the last prior judgment in a manner adverse to the party" seeking to appeal. *Harrell v. Dixon Bay Transp. Co.*, 718 F.2d 123, 129 (5th Cir. 1983). Here, the Amended Judgment substantively altered the Original Judgment by adding the terms of the order granting PNC Bank's motion for summary judgment, which created millions of dollars of liability against the defendants, including Wills.