IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PNC BANK, NATIONAL ASSOCIATION**            **PLAINTIFF**

**V.**            **NO. 3:17-MC-17-DMB**

**WALNUT GROVE OFFICE GARDENS,**
**LLC, et al.**            **DEFENDANTS**

**ORDER**

     Before the Court is PNC Bank, National Association's "Renewed Motion for Charging Order." Doc. #6.

**I**
**Procedural History**

     On March 19, 2013, PNC Bank, National Association, filed a complaint in the United States District Court for the Western District of Tennessee against Walnut Grove Office Gardens, LLC; 2900 Kirby Parkway, LLC; Willow Grove, LLC; and Walter D. Wills, III. *PNC Bank, Nat'l Assoc. v. Walnut Grove Office Gardens LLC*, No. 2:13-cv-2174, at Doc. #1 (W.D. Tenn. Mar. 9, 2013) ("*PNC Bank I*"). The complaint alleged claims for breach of contract based on allegations that the three corporate defendants took out commercial loans from PNC Bank, that each of the loans were guaranteed by Wills, and that the defendants defaulted on the loans. The complaint sought recovery of the amounts due under the loans and appointment of a receiver.

     On August 22, 2013, United States District Judge John T. Fowlkes, Jr. granted PNC Bank's request for a receiver. *PNC Bank I* at Doc. #22. On September 29, 2014, Judge Fowlkes issued an order granting summary judgment in PNC Bank's favor on the breach of contract claims. *Id.* at Doc. #45 at 7. The order found liability against (1) Walnut Grove and Wills in the amount of $1,601,087.81; (2) Willow Grove and Wills in the amount of $3,878,179.23; and (3) 2900 Kirby

Parkway and Wills in the amount of $1,914,521.05. *Id*. The Court also granted attorneys' fees and expenses against all the defendants in the amount of $137,160.84. *Id*.

On September 28, 2017, Judge Fowlkes terminated the receivership and entered judgment ("Original Judgment") in PNC Bank's favor. *PNC Bank I* at Docs. #76, #77. The judgment stated, "this action is dismissed with prejudice in accordance with the Order Terminating Receivership …." *Id.* at Doc. #77. Approximately one week later, on October 4, 2017, Judge Fowlkes entered an amended judgment ("Amended Judgment") which states, "this action is dismissed with prejudice in accordance with the Order Granting Plaintiff's Motion for Summary Judgment … as well as the Order Terminating Receivership." *Id.* at Doc. #78.

On November 2, 2017, PNC Bank registered the Amended Judgment in the United States District Court for the Northern District of Mississippi. Doc. #1. Approximately seven months later, on May 29, 2018, PNC Bank filed a "Motion for Charging Order." Doc. #2. This Court, noting that the Amended Judgment was not final at the time of registration, denied the motion for a charging order without prejudice. Doc. #4. PNC Bank re-registered the Amended Judgment on January 14, 2019. Doc. #5. Eight days later, on January 22, 2019, PNC Bank filed a renewed motion for a charging order. Doc. #6.

## II
## Analysis

In its renewed motion, PNC Bank asks this Court to charge the amount of $4,015,340.07[1] against Wills' interests in four Mississippi entities: (1) AG Pipeline, LP d/b/a Arlington Energy

---

[1] This sum appears to be the amount of the Amended Judgment related to the Walnut Grove loan, plus the awarded attorney's fees and expenses.

Partners 1993, LP; (2) Kirby-Willis Plantation, LP; (3) KWP Sayle, LLC; and (4) KWP Utility Company, LLC.[2] Doc. #2 at 1–2.

### A. Standard

Once obtained,

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Where, as here, a party desires to enforce a judgment in a district other than the issuing court, "28 U.S.C. § 1963 … provides for the registration of one federal district court's money judgment in another federal district court as the precursor to enforcement of the original judgment in the latter court." *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001).

Taken together, "Rule 69 and 28 U.S.C. § 1963 contemplate that [a plaintiff may] register [a] district court's final judgment in another federal district court and initiate collection proceedings there …." *Hoffart v. Wiggins*, 577 F. App'x 384, 387 (5th Cir. 2014). Accordingly, in evaluating PNC Bank's request for relief, the Court must answer two separate questions: (1) whether the Amended Judgment has been properly registered under § 1963; and (2) whether this Court may charge the amount of the Amended Judgment against Wills' interests in the listed entities.

### B. Registration

28 U.S.C. § 1963 provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade

---

[2] The certificate of service attached to the renewed motion certifies that a copy of the renewed motion was served on Wills and the four entities. Doc. #6 at 4.

may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C.A. § 1963. Under the plain language of the statute, a judgment may be properly registered when it "has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgement …." *Id*.

There was no appeal of the Amended Judgment and there is no indication that registration was ordered. Accordingly, the question is whether, at the time it was registered, the Amended Judgment was final by "expiration of the time for appeal." *Id*.; *see Monge v. Rojas*, 150 F.Supp.3d 1244, 1250–51 (D.N.M. 2015) ("The Monges were therefore not entitled to register the Final Judgment in the District of New Mexico to execute on that Final Judgment against the Defendants until their appeal was final or until they obtained a court order from the District Court for the Western District of Texas authorizing them to register the judgment.").

Generally, "[i]n a civil case … the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, the Amended Judgment was entered on October 4, 2017, was initially registered 29 days later on November 2, 2017, and was re-registered on January 14, 2019, 467 days after it was entered. Accordingly, because there was no appeal and because the time to appeal expired, the Amended Judgment was properly registered under § 1963.

### C. Charging Order

PNC Bank seeks a charging order against two limited partnerships, and two limited liability companies. "On application by a judgment creditor of a [limited partnership] partner or

4

transferee," Mississippi law authorizes a court to "enter a charging order against the transferrable interest." Miss. Code Ann. § 79-14-703(a). A charging order entered under this provision "requires the limited partnership to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor." *Id*.

Mississippi law also authorizes the issuance of a charging order against "the financial interest" of a member of a limited liability company "[o]n application … by a judgment creditor of [the] member." Miss. Code Ann. § 79-29-705(1). An order entered under this provision grants the judgment holder "the rights of an assignee of the financial interest." *Id*.

Thus, a charging order is appropriate here to the extent PNC Bank is (1) a judgment creditor of Willis; (2) Willis is a member of the limited liability companies; and (3) Willis is a partner or transferee of the limited partnerships. In this regard, PNC Bank represents that the Amended Judgment "has not been paid or satisfied in full," that "Willis owns a partnership interest" in the limited partnerships, and that "Willis owns a membership interest" in the limited liability companies. Accordingly, because the requirements for a charging order have been satisfied,[3] the motion for charging order will be granted.

### III
### Conclusion

PNC Bank's renewed motion for charging order [6] is **GRANTED**. A charging order will be separately issued.

**SO ORDERED**, this 2nd day of May, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] PNC Bank submitted to the Court a proposed charging order that includes forms of relief, such as an accounting, not requested in its motion and not mandated by statute. To the extent these requests were not included in PNC Bank's motion, the Court declines to address them.

5